### COX v. MANKIN.

(Supreme Court, Appellate Term. December 12, 1907.)

CONTRACT—PERFORMANCE—EXCUSES FOR BREACH—EVIDENCE—PREJUDICIAL ERROR.

    In an action to recover a deposit made to insure performance of a contract to install windows, in which the defense was a failure to complete the contract in time, the exclusion of evidence that defendant notified the superintendent and foreman of plaintiff in charge of the work, that the work could not be completed until the window frames and mouldings were placed, was prejudicial error, as the evidence would have tend-

ed to corroborate the claim of defendant that failure to complete the work was due to causes within the control of plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Arthur S. Cox against Harris Mankin, to recover money deposited to secure performance of a contract. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Nathan Greenbaum, for appellant.

Wentworth, Lowenstein & Stern (Edwin F. Stern, of counsel), for respondent.

BRUCE, J. This action is brought to recover the sum of $210 deposited by the plaintiff with Louis Goldstein to secure payment to the defendant for labor to be performed and materials to be furnished in installing glass in the premises at Nos. 65–67 Broome street, borough of Manhattan, city of New York. The action was brought against Goldstein, upon whose motion the defendant herein was interpleaded. It is conceded that the defendant failed to complete the contract at the time agreed upon, and that the plaintiff thereupon employed others to complete the work. The defense offered was that the delay was caused by the failure of the plaintiff to have a part of the window frames and mouldings in position so that the glass could be installed. Upon this question the evidence of the plaintiff and the defendant was at variance. The contract called for the placing of 12 large plate windows, and the defendant admits that he installed only 7. The defendant offered evidence tending to prove that he repeatedly notified Levy, who, it appears, was the superintendent and foreman of the plaintiff, that he would be unable to complete his work at the time specified on account of the absence of the window frames and mouldings. The trial court excluded this evidence, stating that Levy had no authority to represent the plaintiff with respect to this matter, to which the defendant duly excepted. We think the exclusion of this evidence was error, and that it was highly prejudicial to the defendant. Levy testified that he was the superintendent and foreman of the plaintiff in charge of this work. The evidence excluded would have tended to corroborate the defendant that his failure to perform his contract within the time agreed upon was due to causes which were entirely within the control of the plaintiff.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.